## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRENT POLL,<br><br>    Plaintiff,<br><br>vs.<br><br>HENRY PAULSON, et al.,<br><br>    Defendants. | Case No. 1:06 cv 144 TC<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

Pursuant to 28 U.S.C. § 636(b)(1)(B) Chief Judge Tena Campbell referred this case for consideration. Before the court are competing motions for summary judgment and motions for sanctions. Defendants have filed a Motion for Summary Judgment[1] and a Motion for Sanctions Pursuant to Rule 11.[2] Plaintiff Brent Poll who is proceeding *pro se*, has also filed a Motion for Summary Judgment[3] and a Motion for Sanctions.[4] After considering the parties' respective memoranda and relevant case law including the Tenth Circuit's recent opinion that specifically refers to the instant case,[5] the court recommends that Defendants' Motion for Summary Judgment be GRANTED and that sanctions be entered against Mr. Poll. The court further recommends that Mr. Poll's motions be DENIED.

---

[1] Docket no. 12.
[2] Docket no. 16.
[3] Docket no. 37.
[4] Docket no. 34.
[5] S*ee Poll v. Paulson et al.*, case no. 06-4177 (10th Cir. 2007); *see also* Utah district court no. 1:01-cv-94 DB. Pursuant to local rule 7-1(b)(4), Defendants properly provided notice to the court of the Tenth Circuit's decision.

I.

Plaintiff filed the instant case in November 2006 alleging violations of his rights stemming from the termination of his employment with the IRS in 1983 after he refused to move from his job in Ogden, Utah, to a new position in Fresno, California.  The factual and procedural background relating to this case are laid out in great detail in Plaintiff's Complaint and Defendants' Motion for Summary Judgment, therefore the court finds it unnecessary to restate that history here.  Plaintiff asserts the following causes of action in his complaint: (1) retaliation for participating in a discrimination proceeding;[6] (2) reprisal for whistleblowing;[7] and (3) discriminating based on personal conduct which was not adverse to Plaintiff's performance or the performance of any other employee.[8]  To Mr. Poll's credit, he does acknowledge that the facts of this case are also reflected in another case that was filed in this district (the 01 case).[9] But, in Mr. Poll's view the instant case and the 01 case are different because the "present case addresses only adverse actions relating to the needless delays caused by the Defendant's erroneous claim that it had already settled the Przecha evidence in 1987."[10]  Based on a review of the court's records it appears that Mr. Poll is no stranger to litigation concerning his termination from the IRS.[11]

_____

[6] *See* compl. p. 22.
[7] *See id.* p. 24.
[8] *See id.* p. 25.
[9] *See* Utah case no. 1:01-cv-94 DB.
[10] Compl. p. 27.
[11] *See Poll v. United States Office of Special Counsel*, case no. 1:93-cv-150 DAK (dismissing a writ of mandamus that sought to change the judgments of the Merit Systems Protection Board and the Federal Circuit); *Poll v. United*

II.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[12] The court views and draws reasonable inferences there from in the light most favorable to the nonmoving party.[13]

In this case, Mr. Poll is in essence appealing the final decision of the EEOC, rendered on July 10, 2006, which affirmed the Department of Treasury's decision to dismiss Mr. Poll's fourth EEO complaint.  The facts underlying the most recent EEO complaint are the same as those found in the other complaints Mr. Poll has previously brought before this court, the EEOC, Federal Circuit and the Merit System Protection Board.  Defendants argue that Mr. Poll has failed to establish jurisdiction in this court for the instant action and therefore Mr. Poll's complaint must be dismissed.  In opposition, Mr. Poll does little more than reassert arguments that have been rejected in the past by other courts and administrative bodies.

Recently, the Tenth Circuit affirmed the decision of Judge Benson which granted summary judgment for the defendants in the 01 case.  In his order Judge Benson explained to Mr. Poll that by filing his original appeal in the Federal Circuit, Mr. Poll had chosen his remedy

---

*States Office of Special Counsel*, case no. 1:96-cv-17 DS (granting the defendants competing motion for summary judgment on Mr. Poll's Freedom of Information Act request); *Poll v. IRS*, case no. 1:00-cv-08 JTG (dismissing case based upon the parties' stipulation); *Poll v. O'Neil et al.*, case no. 1:01-cv-94 DB (granting summary judgment to the defendants).
[12] Fed. R. Civ. P. 56(c).
[13] *See* <u>Koch v. Koch Industries, Inc., 203 F.3d 1202</u>, 1212 (10th Cir.

and therefore did not have a jurisdictional basis for later filing in federal district court.  Judge

Benson further concluded that Mr. Poll's whistleblower claim also failed because it was raised

for the first time in the district court.  And finally, Mr. Poll's discrimination claim was untimely,

time-barred and precluded by *res judicata*.

        In addition to affirming Judge Benson's decision "for substantially the [same] reasons

stated by the district court,"[14] the Tenth Circuit also granted the defendants' motion for sanctions

determining that Mr. Poll's appeal was frivolous.  In reaching this decision, the court noted Mr.

Poll's attorney's failure to perform his duties and the unnecessary wasting of both the

defendants' and the court's resources.  Notably, the court also cited to Mr. Poll's own conduct

and the filing of the instant case as further support warranting sanctions against Mr. Poll and his

attorney.  The court stated:

> our decision to impose sanctions is reinforced by the fact that, acting pro se, [Mr. Poll]
> has filed yet another case in the federal district court raising the same issues he raises
> here.  *See Poll v. Paulson,* No. 1:06-CV-144-TC-BCW (D. Utah filed Nov. 16, 2006).
> Given this, it is clear that Mr. Poll was not simply influenced by his attorney to pursue
> this appeal, but that he independently wishes to continue pursuing judicial proceedings
> despite past judicial rulings counseling against that course.[15]

        After reviewing the record in this case, and construing Mr. Poll's complaint liberally,[16]

the court agrees with the Tenth Circuit's assertion that this case raises the same issues Mr. Poll

---

[14] *Poll v. O'Neil et al.*, case no. 06-4177, p. 5 (10th Cir. 2007).

[15] *Id.* at p. 9 fn. 2.

[16] *See Gonzales v. City of Castle Rock*, 366 F.3d 1093, 1096 (10th Cir. 2004); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).  Although a a *pro se* complaint is to be construed liberally this "does not confer a license to harass others, clog the judicial machinery with mertless litigatin, and abuse already overloaded court dockets." *Clements v. Miller*, 2005 WL 2085497 at *6 (D.Colo. August 29, 2005) (citation omitted).

has raised previously.  Contrary to Mr. Poll's assertion, the court cannot find a material difference between this case and the 01 case that warrants treating it any differently.  Both involve issues that have been litigated before.  And both fail for the same reasons.  Thus the court finds it proper to adopt the reasoning set forth in Judge Benson's decision.   In sum, this court lacks jurisdiction over the instant case and Mr. Poll has failed to meet his burden of establishing such jurisdiction.  Arguing that this case concerns another part of the cover-ups, retaliations, and misrepresentations surrounding Mr. Poll's dismissal from the IRS is not enough to prevent it from being dismissed.

Accordingly, for the reasons articulated in Defendants' Motion for Summary Judgment and based upon the reasoning outlined in great detail in Judge Benson's decision,[17] the court recommends that Defendants' motion be GRANTED.  Finally the court finds no merit in Mr. Poll's Motion for Summary Judgment.  Therefore the court recommends Mr. Poll's motion be DENIED.

---

[17] *See* Memorandum Decision granting Motion for Summary Judgment, docket no. 38 in case no. 1:01-cv-94 DB.

III.

Defendant and Plaintiff both seek sanctions pursuant to Rule 11.  Rule 11 provides,

By presenting to the court . . . a pleading, written motion, or other paper, an attorney or
unrepresented party is certifying that to the best of the person's knowledge, information,
and belief, formed after an inquiry reasonable under the circumstances, -
(1) it is not being presented for any improper purpose, such as to harass or to cause
unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law
or by a nonfrivolous argument for the extension, modification, or reversal of existing law
or the establishment of new law; [and]
(3) the allegations and other factual contentions have evidentiary support or, if
specifically so identified, are likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery . . .[18]

Under Rule 11 when a party signs a pleading, the signature of that party serves as

certification that the party has conducted a reasonable inquiry into the facts and the law before

the pleading was filed.[19]  Such a signature also certifies that the investigation into the facts and

law have provided the party with *both* facts and law that will support the claim that is being

made.  "[A]ll signers [must] consider their behavior in terms of the duty they owe to the court

system to conserve its resources and avoid unnecessary proceedings."[20]  Parties who file law

suits on a *pro se* basis are not absolved from the requirements of Rule 11 and are treated the

same for purposes of this rule as if they were attorneys.[21]

---

[18] Fed. R. Civ. P. 11(b)(1)-(3).
[19] *See Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992).
[20] 5A C. Wright & A. Miller, Federal Practice & Procedure § 1355, ¶ 57-58 (2d ed. 1990).
[21] *See Business Guides, Inc. v. Chromatic Communications Enter., Inc.*, 498 U.S. 533, 544-45, 111 S.Ct. 922, 112
L.Ed.2d 1140 (1991) (explaining that Rule 11 applies equally to parties who are represented by counsel and to *pro
se* parties); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1540 (10th Cir. 1996) ("Federal Rule 11
requires an attorney or unrepresented party in a civil case to certify that any paper he or she submits to the court is

Failure to abide by the duties imposed by Rule 11 may result in the imposition of sanctions.  The imposition of Rule 11 sanctions is designed to meet several goals, including "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management.[22] Deterrence is the primary goal of the sanctions and the Tenth Circuit has stated that "[t]he appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff."[23]

Defendants allege that Mr. Poll knew the instant case was improperly brought because it is based on issues that were heard and already decided.  Judge Benson entered summary judgment for the defendants in June 2006 on the 01 case and Mr. Poll filed the instant case nearly five months later in November 2006.  Defendants argue Mr. Poll's assertion that this case is separate from the 01 case is not supported by a fair reading of Plaintiff's Complaint.  Thus, Mr. Poll's complaint is not well-grounded in either fact or law.  Moreover, Defendants warned Mr. Poll of Rule 11's implications, which Mr. Poll ignored despite his experience with the legal process having been involved in three other cases in federal court.  In short, "no reasonable person in Plaintiff's position would have filed the Complaint in this case, which is similarly

---

not presented for any improper purpose; contains claims that are either warranted by existing law . . . and makes factual allegations that have or are likely to have evidentiary support.").
[22] *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683-84 (10th Cir. 1990).
[23] *Id.* at 684.

vulnerable [to the complaint in the 01 case] and patently frivolous."[24]  Defendants seek an

injunction against further filings and $4,475.93 in fees and costs.[25]

     Mr. Poll's arguments supporting his motion for sanctions revolve around the resolution of

the Przecha evidence, which has been a part of the other disputes raised by Mr. Poll.  Plaintiff

goes on to assert that Defendants misrepresent his case and the factual history.  Mr. Poll seeks

sanctions of $2,125[26] as well as other sanctions including *inter alia*, an order for officials in the

Treasury Department to enforce Title VII of the 1964 Civil Rights Act, mandatory training for

agency officials to eradicate discrimination and prejudice and whatever other sanctions this court

deems appropriate based upon Defendants failure to abide by the law and the cover-up of such

failures.[27]

     After considering the parties arguments and the record, the court finds Mr. Poll violated

Rule 11 by filing a complaint that lacked a basis in fact or law.  The circumstances surrounding

Mr. Poll's dismissal from the IRS have been addressed in multiple venues and in multiple cases.

The arguments raised by Mr. Poll against the imposition of sanctions are essentially another

version of Mr. Poll's arguments that he raises in his motion for summary judgment.  Most of

these arguments have been offered and rejected for over twenty years.  In contrast to Defendants'

position, the court fails to find any basis in the record for granting Mr. Poll's Motion for

Sanctions.

---

[24] Def.s' Mem. in Supp. of motion for sanctions p. 13-14.
[25] *See id.* p. 17-18.
[26] *See* Pla. reply mem. in further support of sanctions p. 8.
[27] *See* Pla mtn. for sanctions p. 2-3.

Therefore, in accordance with the Tenth Circuits advice to enter sanctions that are the least severe but still accomplish the purpose of deterring litigation abuse, the court finds it appropriate to recommend that an injunction be entered prohibiting Mr. Poll from filing future cases based on his firing from the IRS or any related events to that firing.[28]  Or, as this court has done in the past with other litigants who have failed to respect the court's resources, place Mr. Poll on the restricted filer list based upon his abuse of the judicial process.  This restriction should include prohibiting future appeals of claims filed by Mr. Poll before the EEOC that relate to the same circumstances surrounding his firing from the IRS.  Recently, the Tenth Circuit entered monetary sanctions against Mr. Poll and his attorney.  Those monetary sanctions coupled with an injunction entered by this court restricting future filings should provide sufficient motivation for Mr. Poll to not engage in litigation abuse.  Finally, the court has also considered Defendants' request for monetary sanctions, but the court feels it is more appropriate to recommend an injunction because the Tenth Circuit recently entered monetary sanctions and the court does not wish to impose an undue hardship upon Plaintiff.

---

[28] *See e.g.*, *Goad v. Rollins*, 921 F.2d 69, 70 (5th Cir. 1991) (restricting future filings that involve the same matters which had been decided); *Miller v. U.S.*, 868 F.2d 236, 238-39 (7th Cir. 1989) (affirming decision to enjoin the plaintiff from filing any further actions without first obtaining leave of court).

## RECOMMENDATION

Based on the foregoing the court recommends that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED. The court further recommends that the court impose an injunction preventing Plaintiff from filing future claims based on the same material facts against the same or related parties for violating Rule 11. Finally, the court recommends that Plaintiff's Motion for Sanctions be DENIED.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute a waiver of objections upon subsequent review.


DATED this 25th day of October, 2007.


Brooke C. Wells
United States Magistrate Judge