IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| BRENT POLL, <br><br>  Plaintiff, <br><br> vs. <br><br> HENRY PAULSON, et al., <br><br>  Defendants. | ORDER <br><br><br><br> Case No. 1:06-CV-144 TC |

Plaintiff Brent Poll filed this action alleging various federal causes of actions arising out of his termination from the IRS in 1983. On December 4, 2006, this case was referred to United States Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross-motions for summary judgment and Rule 11 sanctions.

On October 25, 2007, Judge Wells issued a Report and Recommendation (R & R), recommending that Defendants' summary judgment and sanctions motions be granted and that Plaintiff's motions be denied. Judge Wells reasoned that this action is essentially identical to a 2001 case filed by Plaintiff in this court in which Judge Dee Benson granted summary judgment against Plaintiff. The Tenth Circuit recently affirmed Judge Benson's ruling in that case. Poll v. Paulson, No. 06-4177 (CA-10/DU, Oct. 18, 2007).

Judge Wells concluded that summary judgment is appropriate here for the same reasons articulated by Judge Benson and the Tenth Circuit in Plaintiff's 2001 suit. Moreover, despite the fact that Plaintiff is acting *pro se*, Judge Wells concluded that Plaintiff could not have reasonably thought that the present action had any merit, especially given Plaintiff's long history of

repeating his complaint in various forms and forums over the past two decades.  Of particular note is that the Tenth Circuit, in affirming Judge Benson's decision in the 2001 case, imposed sanctions on Plaintiff in part because he filed the present duplicative action.  <u>Poll v. Paulson</u>, No. 06-4177, slip op. at 9 n.2 (CA-10/DU, Oct. 18, 2007).

Judge Wells recommended that Plaintiff be sanctioned under Rule 11, either in the form of an injunction barring future filings relating to his job termination or by placing him on the restricted filer list.  The parties were given until November 8, 2007 to file objections to the R & R.[1]  Neither party has filed any objections to the R & R.

The court has reviewed *de novo* the file and the R & R and finds it to be correct in all material respects.  Accordingly, the court hereby adopts Judge Wells's Report and Recommendation as the order of the court regarding the parties' motions for summary judgment.  Summary judgment on all causes of action alleged in Plaintiff's complaint is GRANTED in favor of the Defendants and Plaintiff's motion for summary judgment is DENIED.

As for the parties' motions for Rule 11 sanctions, the court adopts the R & R's reasoning concerning the imposition of sanctions against Plaintiff and ENJOINS Plaintiff from further filings based on his firing from the IRS or any events related to that firing.  Plaintiff will not be placed on the restricted filer list as there is no indication that the scope of Plaintiff's duplicative filings extends beyond the subject of his job termination.  Plaintiff's motion for sanctions against Defendants is DENIED.

---

[1] Plaintiff mistakenly believed that he had 45 days from the R & R's issue date to file objections.  Even if correct, his self-imposed deadline has passed with no objection filed.

SO ORDERED this 8th day of January, 2008.

> BY THE COURT
>
> *[signature: Tena Campbell]*
>
> TENA CAMPBELL
> Chief Judge